| MURRAY, J.,
dissents for the reasons assigned by J. CANNIZZARO and assigns additional reasons.
I agree with the recitation of the facts and the legal conclusions reached by J. Cannizzaro in his dissent. I additionally disagree with the majority’s opinion in the following respects.
I do not agree that the meaning of the word “elector” as used in Article III, § 4(A) of the Louisiana Constitution of 1974 is restricted to an elector registered in the legislative district from which the candidate seeks election. “Elector” means “registered voter.” Even accepting the premise of the majority that the word elector applies to each of the three subsequent requirements in the sentence, “[a]n elector .. .who has been actually domiciled for the preceding year in the legislative district from which he seeks election” means only a registered voter who meets that domiciliary requirement, not a voter registered in the district who meets the domiciliary requirement. For this reason, I would hold that the error on the candidacy qualification form as to the ward and precinct in which Mr. Barney was registered to vote, even assuming that form legally cannot be amended, is immaterial to the determination of whether Mr. Barney is eligible to be a candidate for the Third District seat.
^Regarding the issue of Mr. Barney’s domicile, I find that the text of Article 88 of the Civil Code, when read in its entirety, unequivocally indicates that if there is only one place in which a person habitually resides, that place is his domicile. In the alternative situation that a person “resides alternately in several places, and nearly as much in one as in another” [1] and has not formally declared his intention as to which of those places is his domicile, and only in that situation, can a fact finder determine domicile by considering both objective and subjective evidence of the person’s intent. *569 Therefore, in the instant situation, to make out a prima facie case, the plaintiff had to introduce evidence indicating that Mr. Barney physically resided somewhere other than the DeMontluzin Street address at least part of the relevant time period. Because the plaintiff failed to introduce any such evidence, I believe that the trial court committed legal, error by finding that the plaintiff met her burden of proof. Because there was no evidence that Mr. Barney actually resided anywhere other than De-Montluzin Street, this case is completely inapposite from Landiak v. Richmond,[2] in which the issue was which of two residences should be considered the candidate’s domicile. When, as here, a person has actually lived in only one place during the relevant time period, the fact that certain documents still list a former address as his residence is irrelevant because that person can only be domiciled where he resides.
For these reasons, I respectfully dissent from the result reached by the majority.[3]
| TOBIAS, J., dissents.
I respectfully dissent for the reasons assigned by Judge Cannizzaro.
| LOMBARD, J., dissents.
I respectfully dissent for the reasons assigned by Judge Cannizzaro.

. La. C.C. art. 38. Although this article refers to domicile as being a particular parish rather than a particular district, I agree with J. Can-nizzaro that it is appropriate to apply the principle it embodies to the instant situation.

. Landiak v. Richmond, 2005-0758 (La.3/30/05), 899 So.2d 535.

. I note that had this court's en banc vote differed slightly such that the dissenting judges had prevailed, this court would have reached the opposite result from our brethren on the Fifth Circuit as to the eligibility of the defendant to be a candidate in this election. Currently the Election Code permits the filing of multiple lawsuits in different jurisdictions by different plaintiffs objecting to the same person's candidacy, and there is apparently no requirement that such suits be consolidated or that lis pendens be asserted. I believe that the legislature should address this issue to eliminate the potential for confusion that could result from parallel conflicting decisions.